UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

TONY DIAZ,

        Plaintiff,

v.                                        Case No. 5:20-cv-381-J-39PRL

P. HART, et al.,

        Defendants.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, Tony Diaz, a federal inmate, initiated this case by filing a pro se civil rights complaint under Bivens (Doc. 1; Compl.).[1] Plaintiff moves to proceed as a pauper (Doc. 4), though he has not submitted an affidavit of indigency or a six-month prison account statement. As Defendants, Plaintiff names three officers and the Warden at Coleman United States Penitentiary I (Coleman). Plaintiff alleges Defendants "watched and touched [him] for more than 10 minutes when [he] was nude." See Compl. at 4. He clarifies that he was working out in the exercise yard without a shirt on, apparently while Defendants watched. Id. at 5. Plaintiff asserts no physical injuries but seeks

---

[1] In Bivens, the Supreme Court recognized an implied right of action for damages against a federal agent who, acting under "color of his authority," violated the plaintiff's Fourth Amendment right to be free from unreasonable searches and seizures. Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 389, 397 (1971).

1

one million dollars in damages. Id. Plaintiff says he did not file a grievance relating to the allegations raised in his complaint, but he reported the incident to his case manager and the Warden. Id. at 7, 8, 13.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B). With respect to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quotations, alteration, and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted).

In reviewing a pro se plaintiff's pleadings, a court must liberally construe the plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). However, the duty of a court to construe pro se pleadings liberally does not require the court to serve as an attorney for the plaintiff. Freeman v. Sec'y, Dept. of Corr., 679 F. App'x 982, 982 (11th Cir. 2017) (citing GJR Invs., Inc. v. Cty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)).

Generally, when a plaintiff has a viable Bivens claim, case law interpreting § 1983 cases applies. See, e.g., Solliday v. Fed. Officers, 413 F. App'x 206, 209 (11th Cir. 2011). Importantly, however, claims arising under Bivens are not coextensive with those arising under § 1983. Indeed, since Bivens, the Supreme Court has extended Bivens remedies in only two other contexts: gender discrimination in the workplace and deliberate indifference to serious medical needs in prison. See Ziglar v. Abbasi, 137 S. Ct. 1843, 1854-55 (2017) (citing Davis v. Passman, 442 U.S. 228 (1979); Carlson v. Green, 446 U.S. 14, 21 (1980)). In Ziglar, the Court emphasized that "expanding the Bivens remedy is now a 'disfavored' judicial activity." Id. at 1857 (quoting Iqbal, 556 U.S. at 675). Thus, the Court urges district courts to exercise "caution before extending Bivens remedies into any new context." Id.

Plaintiff's claim of alleged sexual assault is meaningfully different

3

from those cases in which the Court has extended Bivens remedies. See id. Thus, his claim likely is not cognizable under Bivens. However, assuming it is, Plaintiff's complaint is subject to dismissal because he did not exhaust his administrative remedies before initiating this action and, regardless, his vague, conclusory assertions do not satisfy federal pleading standards.

The PLRA provides, "[n]o action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of available administrative remedies is "a precondition to an adjudication on the merits." Bryant v. Rich, 530 F.3d 1368, 1374 (11th Cir. 2008). See also Jones v. Bock, 549 U.S. 199, 211 (2007). While "the PLRA exhaustion requirement is not jurisdictional[,]" Woodford v. Ngo, 548 U.S. 81, 101 (2006), "exhaustion is mandatory . . . and unexhausted claims cannot be brought," Pavao v. Sims, 679 F. App'x 819, 823 (11th Cir. 2017) (per curiam) (citing Jones, 549 U.S. at 211). The Supreme Court has held "the PLRA . . . requires proper exhaustion," which means a prisoner must grieve his issues in compliance with the agency's procedural rules, so the agency has a "full and fair opportunity" to address a prisoner's issues on the merits. Woodford, 548 U.S. at 90, 93.

"[F]ederal prisoners suing under Bivens . . . must first exhaust inmate grievance procedures just as state prisoners" suing under § 1983 must do. Porter v. Nussle, 534 U.S. 516, 524 (2002); see also O'Brien v. Seay, 263 F.

4

App'x 5, 8 (11th Cir. 2008) (recognizing the PLRA exhaustion requirement applies to Bivens claims). To properly exhaust administrative remedies, a federal prisoner must follow a multi-tiered system as set forth in the Bureau of Prison's (BOP's) Administrative Remedy Program (ARP). See 28 C.F.R. §§ 542.13-542.18. See also Okpala v. Drew, 248 F. App'x 72, 73 (11th Cir. 2007) (explaining the process to exhaust administrative remedies under the ARP).

First, except as to "sensitive issues,"[2] a prisoner must attempt an "informal resolution" by timely submitting form BP-8 to prison staff. See 28 C.F.R. § 542.13(a), (b); O'Brien, 263 F. App'x at 8. Second, a prisoner must seek relief from the Warden by timely submitting an Administrative Remedy Request using form BP-9. See 28 C.F.R. § 542.14(a); O'Brien, 263 F. App'x at 8. Third, if an inmate is unsatisfied with the Warden's response, he must timely submit an Appeal to the Regional Director on form BP-10. See 28 C.F.R. § 542.15(a); O'Brien, 263 F. App'x at 8. Finally, to complete the appeal process, a prisoner must timely submit an Appeal to the General Counsel on form BP-11. See 28 C.F.R. § 542.15(a); O'Brien, 263 F. App'x at 8.

Prisoners are not required to "specially plead or demonstrate exhaustion in their complaints." See Jones, 549 U.S. at 216. Nevertheless,

---

[2] A sensitive issue is one in which the prisoner believes his "safety or well-being would be placed in danger if the Request became known at the institution." See 28 C.F.R. § 542.14(d)(1). In such a circumstance, the prisoner may submit a request directly to the Regional Director. Id.

when a prisoner's failure to exhaust his administrative remedies is apparent on the face of the complaint, a district court may dismiss the complaint under the PLRA for the prisoner's failure to state a claim. Bingham, 654 F.3d at 1175 ("A complaint may be dismissed if an affirmative defense, such as failure to exhaust, appears on the face of the complaint.").

As is evident on the face of Plaintiff's complaint, he failed to exhaust his administrative remedies. In section VII of the civil rights complaint form, Plaintiff responded to the preliminary "yes/no" questions about exhaustion efforts generally. See Compl. at 6. He checked the "no" box in response to all questions, meaning he contends his institution does not have a grievance procedure; the grievance procedure does not cover his claims; and he did not file a grievance about the events described in his complaint. Id. at 6-7.

Contrary to Plaintiff's contention regarding the lack of a grievance procedure, and as explained above, the BOP, which operates Coleman, has a robust grievance process. Plaintiff's claim is based on an incident that occurred at Coleman, though he concedes he did not submit any grievances. Id. at 7. Additionally, in the section of the form directing a prisoner to explain why he did not follow the grievance process, Plaintiff does not allege prison officials took steps to make the process unavailable to him. Id. at 8. In fact, Plaintiff does not offer any explanation at all for his failure to file grievances. Instead, he contends he reported the incident to his case manager and others,

including the Warden, but no one followed up with him. Id. at 8, 13.

A prisoner may not altogether choose to avoid a prison's grievance procedure and still have exhausted his administrative remedies. Moreover, the ARP does not provide an avenue by which a prisoner may exhaust his administrative remedies through an oral report to prison officials. In fact, the regulations instruct that prisoners have "the responsibility to use [the ARP] in good faith and in an honest and straightforward manner." See 28 C.F.R. § 542.11(b). Even if a prisoner may informally report an incident orally to prison officials before filing a request form, a non-response to a complaint at any step of the process signals a "denial," and a prisoner then must proceed to the next step. See 28 C.F.R. § 542.18 ("If [an] inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level."). See also Smith v. Terry, 491 F. App'x 81, 82, 84 (11th Cir. 2012) (per curiam) (affirming the district court's dismissal of the action because the plaintiff-prisoner initiated his lawsuit before receiving a response to his grievance at the final step of the process); Okpala, 248 F. App'x at 73 (holding the district court properly dismissed the action under the PLRA because it was clear "from the face of the complaint" that the plaintiff-prisoner did not await a response to his last grievance before initiating his Bivens action).

To the extent Plaintiff did not submit written grievances because he believed doing so would have been a "dead-end," such a belief does not excuse him from completing the multi-tiered grievance process before pursuing judicial remedies. See Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) ("[T]he exhaustion requirement cannot be waived based upon the prisoner's belief that pursuing administrative procedures would be futile.").

On the face of his complaint, it is apparent Plaintiff did not exhaust his administrative remedies in compliance with the ARP before initiating his federal action in this Court. See Woodford, 548 U.S. at 90. Because exhaustion is mandatory, Plaintiff's failure to exhaust his remedies is fatal to his claim. See Ross v. Blake, 136 S. Ct. 1850, 1857 (2016) ("[M]andatory exhaustion statutes like the PLRA . . . foreclos[e] judicial discretion."); Woodford, 548 U.S. at 85 ("Exhaustion is no longer left to the discretion of the district court, but is mandatory.").

Not only did Plaintiff admittedly not exhaust his claims, his allegations are insufficient under the minimal federal pleading standards. Plaintiff names three officers he claims sexually assaulted him. However, he provides no facts explaining what each officer, individually, did. His conclusory assertion, lumping all Defendants together, is insufficient. Additionally, given the lack of supporting facts, and Plaintiff's further explanation that he was in the exercise yard without a shirt on, Plaintiff's assertion that he was sexually assaulted is

8

suspect. Plaintiff's claim against the Warden fails for a different reason: not only does Plaintiff fail to state a plausible claim against the officers the Warden supervises, under Bivens, a supervisory official may not be held liable for the conduct of his subordinates. See, e.g., Gonzalez v. Reno, 325 F.3d 1228, 1234 (11th Cir. 2003).

For the reasons discussed, the Court will dismiss Plaintiff's case without prejudice subject to his right to refile any plausible claims for relief he may have after properly exhausting them.

Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 3rd day of December 2020.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c: Tony Diaz